**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-mc-25369-MOORE**

CHRISTOPHER KOSACHUK,

Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

Defendant/Judgment Debtor

______________________________/

FILED BY MC D.C.
DEC 10 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**RESPONSE IN OPPOSITION MOTION TO STRIKE**
**MOTION FOR WRIT OF EXECUTION [DOC. 49]**

Christopher Kosachuk, *pro se*, hereby responds in opposition to the Motion to Strike Motion for Writ of Execution (the "Motion") [Doc. 49]. In opposition, Mr. Kosachuk states:

1. The Motion is moot because the Clerk has already issued the writ of execution because there is no stay on the execution this judgment.

2. If 9197-5904 Quebec, Inc. ("Quebec") would like to stay the execution then Quebec must post a cash bond in an amount of at least $1,188,889.67 otherwise the execution must proceed. The law is very clear on a post-judgment execution and the need for a cash bond in order to stay execution.

3. This case involves the registration in this Court of a $1,188,889.67 judgment (the "FitzSimon Judgment") entered by the Honorable Jean K. FitzSimon on March 24, 2015 in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

4. The FitzSimon Judgment was the result of Quebec filing a bad faith involuntary bankruptcy petition against Mr. Kosachuk wherein Judge FitzSimon sealed the bankruptcy case.

5. The same bad faith is now on display in the Motion because it is factually and procedurally inaccurate as well as filed in bad faith with no legitimate purpose.

6. Debtor's claim that this Court terminated and closed this case on 12/21/18 for lack of Form AO451 Clerk's Certification of Judgment to be Registered in Another District is demonstrably false because the AO451 Form is a district court form not a bankruptcy court form.

7. Because the FitzSimon Judgment originated in the Eastern District of Pennsylvania Bankruptcy Court, the proper form to register the FitzSimon Judgment in the Southern District of Florida is Form B2650, which indeed was provided and used to register the FitzSimon Judgment in the SDFL. [*See* Doc. 1].

8. Form AO451 is only used when the judgment originates in another district court not in another bankruptcy court.

9. The claim that this Court has no jurisdiction over Quebec is also demonstrably false because Quebec registered to do business in the State of Florida with the Florida Secretary of State and its entity number is F14000001286.

10. Quebec has used the state and federal courts in Miami-Dade County and maintains an office at 6913 Valencia Dr. Fisher Island, FL 33109. Indeed, the principals of Quebec live and work in Miami-Dade County, FL.

11. Quebec then claims that this case is related to pending case number 24:cv-23089-KMM which is the removal of this same FitzSimon Judgment from state court in Miami-Dade County.

12. Quebec shamelessly removed the state court execution proceeding to avoid the

execution proceeding in state court via the Miami-Dade County Sheriff without posting a cash bond.

13. In that proceeding there is a pending motion to remand [*See* Case No. 24-cv-23089-KMM Doc. 27], which should be summarily granted.

14. Mr. Kosachuk is not attempting to circumvent any prior Court Orders and procedure. Mr. Kosachuk is simply trying to collect on his unsatisfied FitzSimon Judgment. Indeed, Quebec does not cite one single court order being circumvented because there are no such court orders to circumvent.

15. In order to provide this Court with some background of Quebec and its counsel's malfeasance, Mr. Kosachuk quotes Judge FitzSimon who said "I do think it does go substantially toward correcting the evil that was visited upon Mr. Kosachuk. Nonetheless, the behavior [of Quebec and its counsel] as I have just described to me is so egregious and so reprehensible that I am going to order the award of a five times multiple with regard to punitive damages, and that will be a five times multiple on the entire approximately $200, 000 that's been incurred in attorney's fees". [*See* March 24, 2015 Transcript p. 19 lines 13-17][1].

16. Judge FitzSimon also said: "The Court must ensure that Quebec can no longer continue to wage ware [*sic*] on Mr. Kosachuk." [*See* March 24, 2015 Transcript p. 16 lines 11-12].

17. This Motion to Strike is precisely the legal warfare that Judge FitzSimon was trying to stop.

18. The order of the Third Circuit Court of Appeals affirming Judge Beetlestone

---

[1] A Motion to File Sealed Documents Under Seal was filed with this Court on December 3, 2024 [*See* Doc. 51] and the March 25, 2015 hearing transcript is one of the sealed documents.

Plaintiff Christopher Kosachuk's Response in Opposition to Motion to Strike [Doc. 49]
Kosachuk v. Quebec, Case No. 18-mc-25369-Moore

who affirmed Judge FitzSimon is attached hereto as Exhibit 1.

19. The FitzSimon Judgment has failed to stop Quebec and its counsel's bad faith. This Court must allow the executions to proceed without further delay.

**WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests that the Court deny the Motion to Strike Motion for Writ of Execution and order Quebec to file a cash bond of at least $1,188,889.67 if it wants to stay the execution of the FitzSimon Judgment or be heard challenging the FitzSimon Judgment as it was twice affirmed by the Third Circuit and grant such other and further relief as the Court deems appropriate.

Dated: 9th day of December, 2024.

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff-Judgment Creditor and Respondent*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

Plaintiff Christopher Kosachuk's Response in Opposition to Motion to Strike [Doc. 49]
Kosachuk v. Quebec, Case No. 18-mc-25369-Moore

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 9th day of December, 2024.

Christopher Kosachuk
*Pro Se Plaintiff & Judgment Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

**SERVICE LIST**

**Via CM/ECF/Email**

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc.
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc.
todd@mosserlegal.com

Plaintiff Christopher Kosachuk's Response in Opposition to Motion to Strike [Doc. 49]
Kosachuk v. Quebec, Case No. 18-mc-25369-Moore

# Exhibit 1

*In Re John Doe, Involuntary Petitioner v.*
*9197-5904 Quebec, Inc., Appellant*
Case No. 17-2216
Judgment from the United States Court of Appeals
For The Third Circuit

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 17-2216

---

IN RE: JOHN DOE,
Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
Appellant

---

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone

---

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2018

---

Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges.

---

JUDGMENT

---

This case came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit L.A.R. 34.1(a) on March 15, 2018.

On consideration whereof, it is now hereby ORDERED and ADJUDGED by this Court that the Order of the District Court entered on April 18, 2017 is hereby

Case: 17-13366 Document: 00311128777025 Page: 2 Date Filed: 03/15/2018

AFFIRMED. Costs taxed against Appellant. All of the above in accordance with the Opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated: March 15, 2018

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**
**CLERK**

**UNITED STATES COURT OF APPEALS**
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

March 15, 2018

John Doe
N/A

Todd M. Mosser
1500 John F. Kennedy Boulevard
Two Penn Center Plaza
Suite 1723
Philadelphia, PA 19102

In re: John Doe
Case Number: 17-2216
District Case Number: 2-15-cv-04870

ENTRY OF JUDGMENT

Today, **March 15, 2018** the Court entered its judgment in the above-captioned matter pursuant to Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App.

P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. Pursuant to Fed. R. App. P. 35(b)(3), if separate petitions for panel rehearing and rehearing en banc are submitted, they will be treated as a single document and will be subject to the form limits as set forth in Fed. R. App. P. 35(b)(2). If only panel rehearing is sought, the Court's rules do not provide for the subsequent filing of a petition for rehearing en banc in the event that the petition seeking only panel rehearing is denied.

A party who is entitled to costs pursuant to Fed.R.App.P. 39 must file an itemized and verified bill of costs within 14 days from the entry of judgment. The bill of costs must be submitted on the proper form which is available on the court's website.

A mandate will be issued at the appropriate time in accordance with the Fed. R. App. P. 41.

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.

Very truly yours,
Patricia S. Dodszuweit, Clerk

By: s/ *Marianne/arr*, Legal Assistant
Direct Dial: 267-299-4911

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 17-2216

---

IN RE: JOHN DOE,
Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
Appellant

---

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone

---

Submitted under Third Circuit L.A.R. 34.1(a)
March 15, 2018

---

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges.

(Filed: March 15, 2018)

---

OPINION*

---

SHWARTZ, Circuit Judge

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

9197-5904 Quebec, Inc. ("Quebec") appeals, for the second time, from an order denying Quebec's motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(1). Because the District Court did not abuse its discretion in denying such relief, we will affirm.

I

Quebec filed an involuntary bankruptcy petition against John Doe, which the Bankruptcy Court dismissed. Doe then filed a motion asking the Bankruptcy Court to declare Quebec's petition to be in bad faith and for damages. Quebec failed to appear at the hearing on the motion allegedly due to the then-hospitalization of Quebec's representative, and on March 24, 2015, the Bankruptcy Court granted the motion and awarded approximately $1 million in punitive damages. Quebec then retained its current counsel. Twenty-one days after the appeal deadline passed, Quebec sought an extension of time for filing the appeal, asserting that it did not receive a copy of the Bankruptcy Court's March 24, 2015 order. The Bankruptcy Court denied the extension request. Quebec appealed that ruling to the District Court, and that same day, it received notice that it needed to file a designation of portions of the Bankruptcy Court record for the appeal by September 8, 2015. Quebec failed to do so, and the District Court dismissed the appeal on September 30, 2015 without an opinion. Quebec asserts that it failed to timely file the designation due to its counsel's erroneous calendaring of the deadline as October 22, 2015.

On October 20, 2015, Quebec filed its designation of record and a motion for post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1) seeking to

vacate the District Court's September 30, 2015 dismissal of the appeal. The District Court denied the motion as "untimely" without an opinion. Quebec filed a motion for reconsideration under Rule 59(e) which the District Court also denied without an opinion. Quebec appealed. We vacated the District Court's order denying Quebec's second Rule 59(3) motion because the District Court did not analyze whether Quebec's prior Rule 60(b) motion was timely filed. In re Doe, 681 F. App'x 106, 108-09 (3d Cir. 2017) (not precedential). We remanded to allow the District Court to determine the motion's timeliness and, if timely, consider the merits of the motion under Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). Id. at 109.

On remand, the District Court again denied Quebec's Rule 59(e) motion, finding that the motion's timeliness was "questionable" and, even if timely, the prior Rule 60(b) motion nevertheless failed on the merits because the Pioneer factors demonstrated that Quebec had not shown "excusable neglect" warranting Rule 60(b)(1) relief. App. 10-14. Quebec appeals.

II[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). Our Court has jurisdiction pursuant to 28 U.S.C. § 1291. Doe argues that this appeal is untimely and that we therefore lack appellate jurisdiction. See Doe's June 12, 2017 Mot. to Dismiss ¶ 10. Doe is mistaken. The District Court entered its order denying Quebec's Rule 60(b) motion on April 18, 2017, and Quebec filed its notice of appeal on May 18, 2017, which is within the 30-day timeframe set forth in Fed. R. App. P. 4(a)(1)(A). See also Fed. R. App. P. 6(b)(1) (applying Rule 4(a)(1)(A) to bankruptcy appeals). Therefore, this appeal is timely, and Doe's motion to dismiss for lack of appellate jurisdiction is denied.

We review a district court's order denying a Rule 60(b)(1) motion for abuse of discretion, except with respect to issues of law, over which we exercise plenary review. McBride v. Int'l Longshoremen's Ass'n, 778 F.3d 453, 458 (3d Cir. 2015). An abuse of discretion occurs where the district court's order "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact" or where "no reasonable person would adopt the district court's view." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 181 (3d Cir. 2000) (citation and internal quotation marks omitted).

Under Rule 60(b)(1), a district court may relieve a party from an order if the order resulted from "excusable neglect."[2] Fed. R. Civ. P. 60(b)(1). The question of whether a party's "neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" George Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (citation omitted). In making this determination, courts consider: (1) "the danger of prejudice," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer, 507 U.S. at 395. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

[2] Rule 60(b) motions "must be made within a reasonable time" and "no more than a year after the entry of the judgment" from which relief is sought. Fed. R. Civ. P. 60(c)(1). Quebec does not challenge the District Court's conclusion that it was "questionable" whether the motion was made within a reasonable time.

'excusable' neglect," but excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.

The District Court applied the Pioneer factors, found that Quebec's failure to timely file a designation of record for its appeal—which resulted in the dismissal of the appeal—was not attributable to excusable neglect, and denied Quebec's Rule 60(b)(1) motion.[3] The District Court's ruling was not an abuse of discretion.

First, the reason for the delay weighs against finding excusable neglect. Quebec's counsel concedes that he had notice of the September 8, 2015 deadline for filing the designation of record but explains that the deadline was mis-calendared. The District Court aptly found that counsel's oversight could have been prevented through effective office procedures and reasonable diligence on the part of counsel in checking the bankruptcy docket. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322, 326, 328-31 (3d Cir. 2012) (concluding no excusable neglect based primarily on the reason for the delay factor where counsel's 29-day delay was caused by poor office practices,

---

[3] Quebec argues that the factors in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), support relief. However, the Poulis framework applies when a district court considers dismissing a case before trial. Quebec does not challenge the dismissal of its involuntary bankruptcy petition against Doe but instead seeks review of a post-judgment order—the bankruptcy court's ruling imposing damages for Quebec's bad faith filing of the petition. See Roberts v. Ferman, 826 F.3d 117, 123 n.5 (3d Cir. 2016) (stating that a district court must consider the Poulis factors before dismissing a case for failure to prosecute but no Poulis analysis is necessary when the district court "dismisses a post-trial motion"); Knoll v. City of Allentown, 707 F.3d 406, 408-11 (3d Cir. 2013) (holding that Poulis does not apply in the post-trial context); see also George Harms, 371 F.3d at 163 (applying the Pioneer factors to a Rule 60(b)(1) motion). Because Poulis does not apply in the post-judgment context, we reject Quebec's argument that the Poulis factors support its request for relief.

explaining that counsel should have discovered the error earlier, and noting authority from another circuit which held that counsel's mis-calendaring was not excusable); Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007), as amended (June 12, 2007) (holding no excusable neglect under Rule 60(b) where an attorney would have received notice of the order he untimely sought to challenge had he complied with the standing order to register with the electronic filing system). Moreover, the District Court correctly observed that it was "difficult to excuse" counsel's incorrect recording of the September 8 deadline as October 22, "nearly two months after he filed the notice of appeal (and received the email notification)" and far beyond the fourteen-day deadline, in light of "the appellate practice [Quebec's counsel] professes to maintain." App. 11-12. In addition, the District Court correctly rejected Quebec's argument that it could not be held responsible for its counsel's errors given the Supreme Court's clear statement that "clients must be held accountable for the acts and omissions of their attorneys," Pioneer, 507 U.S. at 396.

Second, the District Court did not abuse its discretion in finding that Quebec's delay prejudiced Doe and had a negative impact on judicial proceedings because "redress for the harm [to Doe] caused by Quebec's filing of an involuntary bankruptcy petition . . . has now been delayed for nearly five years," and the delay "undermin[ed] the expeditious administration of this litigation, which has already been protracted as a result of Quebec's dilatoriness." App. 13. The District Court further noted that Quebec's delay was another example of its bad faith conduct exhibited throughout the underlying bankruptcy proceeding. Quebec "fail[ed] to cooperate with [Doe], fail[ed] to appear at hearings, and

fail[ed] to appear at trial." App. 12-14 (citing In re Kosachuk, Bankr. No. 12-16438, slip op. (Bankr. E.D. Pa. Mar. 24, 2015)).

Although Quebec's present counsel was retained after the Bankruptcy Court issued its decision on Quebec's bad faith filing of the bankruptcy petition, reasonably diligent counsel entering at that late stage of the litigation would have reviewed the record, observed the history of dilatoriness and prior finding of bad faith, and ensured that future filings complied with all applicable rules and orders. See In re Cendant Corp. PRIDES Litig., 235 F.3d at 184; see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007) (concluding lack of good faith where a party had a history of delay). Therefore, the District Court did not abuse its discretion in concluding that Quebec has not shown excusable neglect that would entitle it to relief under Rule 60(b)(1).

III

For the foregoing reasons, we will affirm.

FROM: (305) 383-3550
FedEX Office
13901 SW 88th St
Miami FL 33186
US

SHIP DATE: 09DEC24
ACTWGT: 1.00 LB
CAD: 251115902/WSXI3600

BILL 3rd PARTY

TO Clerk of Court

400 North Miami Avenue 8th Floor

Miami FL 33128 (US)
(305) 490-5700 REF:
INV:
PO: DEPT:

58CJ4/EB78/C6C4

FedEx
Ground
G

J244024091001uv

TRK# 2829 7851 4464

33128

9622 0417 3 (000 000 0000) 0 00 2829 7851 4464